******************************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

DORAINE REED *v.* COMMISSIONER
OF CORRECTION
(AC 46226)

Alvord, Elgo and Keller, Js.

*Syllabus*

The petitioner appealed from the judgment of the habeas court denying
her amended petition for a writ of habeas corpus, claiming that the
application to her of an administrative directive amended by the respon-
dent, the Commissioner of Correction, that changed the calculation of
credit that inmates may earn under the risk reduction earned credit
program established by statute (§ 18-98e) violated the ex post facto
clause of the United States constitution. *Held* that the petitioner could
not prevail on her claim that the application to her of the administrative
directive violated the ex post facto clause of the United States constitu-
tion as, pursuant to *Rios* v. *Commissioner of Correction* (224 Conn.
App. 350), the administrative directive in question did not constitute a
law within the meaning of the ex post facto clause and, thus, she could
not establish an ex post facto violation.

Argued January 3—officially released May 7, 2024

*Procedural History*

Amended petition for a writ of habeas corpus,
brought to the Superior Court in the judicial district of
Tolland and tried to the court, *M. Murphy, J.*; judgment
denying the petition, from which the petitioner, on the
granting of certification, appealed to this court.
*Affirmed.*

*Doraine Reed*, self-represented, the appellant (peti-
tioner).

*Diaghilev Lubin-Farnell*, assistant attorney general,
with whom were *Patrick Ring* and *Zenobia Graham-
Days*, assistant attorneys general, and, on the brief,
*William Tong*, attorney general, for the appellee
(respondent).

*Opinion*

PER CURIAM. The self-represented petitioner, Doraine
Reed, appeals from the judgment of the habeas court

denying her amended petition for a writ of habeas corpus. Her appeal concerns an administrative directive amended by the respondent, the Commissioner of Correction, in 2016, which changed the calculation of credit that inmates may earn under the risk reduction earned credit program established by General Statutes § 18-98e. See Conn. Dept. of Correction, Administrative Directive 4.2A (effective February 1, 2016).[1] On appeal, the petitioner contends that the application of that administrative directive to her violates the ex post facto clause of the United States constitution.[2]

Resolution of the petitioner's claim is controlled by *Rios* v. *Commissioner of Correction*, 224 Conn. App. 350,      A.3d      (2024). In *Rios*, this court concluded that, because Administrative Directive 4.2A, as amended, did not constitute a law within the meaning of the ex post facto clause, the petitioner could not establish an ex post facto violation. Id., 353, 375. Bound by that precedent; see *State* v. *White*, 215 Conn. App. 273, 304–305, 283 A.3d 542 (2022), cert. denied, 346 Conn. 918, 291 A.3d 108 (2023); the petitioner's ex post facto challenge must fail.

The judgment is affirmed.

---

[1] The respondent issued Administrative Directive 4.2A in 2013 and amended it in 2016. A copy of the amended directive was admitted into evidence at the habeas trial.

[2] In her habeas petition and her appellate brief, the petitioner also vaguely alludes to her due process rights without citation to, or discussion of, legal authority. It is well established that inmates do not possess a constitutional right to be conditionally released prior to the expiration of their sentences. See *Greenholtz* v. *Inmates of the Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979). Our Supreme Court likewise has held that an inmate has no cognizable liberty interest in credit potentially earned pursuant to § 18-98e. See *Perez* v. *Commissioner of Correction*, 326 Conn. 357, 369–72, 163 A.3d 597 (2017). Accordingly, the petitioner's invocation of due process is unavailing.